UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE GERALD RAYMOND,<br><br>Plaintiff,<br><br>vs.<br><br>MINNEHAHA COUNTY STATE ATTORNEY OFFICE, in their individual and official capacity; STRANGE, FARRELL, JOHNSON & BREWERS, P.C., in their individual and official capacity; AMBER J. EGGERT, in her individual and official capacity,<br><br>Defendants. | 4:21-CV-04175-KES<br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Andre Gerald Raymond, an inmate at the Minnehaha County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Raymond then filed a motion to appoint counsel and an amended complaint. Dockets 3, 5. This court granted Raymond leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 7. Raymond timely paid his initial filing fee on December 3, 2021. The court will now screen Raymond's amended complaint under 28 U.S.C. § 1915A.

I.  **1915A Screening**

   A.  **Factual Background**

The facts alleged in Raymond's complaint are: that Amber J. Eggert, an attorney employed by the Strange, Farrell, Johnson & Brewers, P.C., law firm,

has been appointed to represent Raymond in criminal proceedings against him in the Second Judicial Circuit of South Dakota. Docket 5-1 at 1-2, 4. He alleges that Eggert has not submitted any motions, pleadings, or arguments on his behalf and that her assistance has been so deficient as to deprive him of access to the courts. Docket 5 at 5. He claims that Eggert has conspired with the Minnehaha County State's Attorney Office to obtain a guilty plea under threats, duress, and coercion. *Id.* He also claims that Eggert and the State's Attorney Office has "continuously and unreasonably" delayed court dates in order to coerce guilty pleas that deprive him and other similarly situated individuals of their rights. *Id.* at 7.

Raymond also alleges that Strange, Farrell, Johnson & Brewers, by and through its employee Eggert, has "a custom policy of practice" of depriving defendants of the right to effective counsel. *Id.* at 4. He alleges that the State's Attorney Office has a custom of dismissing charges without prejudice when it discovers it has a weak case, allowing courts to later use the dismissed charge as a factor for denying bond. *Id.* at 7. He also alleges that the State's Attorney Office has conspired with Strange, Farrell, Johnson & Brewers and Eggert to deprive him and other criminal defendants of their rights to due process and effective assistance of counsel. *Id.* at 5, 7.

Raymond brings claims for deprivation of his right to effective counsel, his right to access to the courts, and his right to due process. *Id.* at 4-5, 7. He sues Strange, Farrell, Johnson & Brewers and Eggert in their individual and official capacities, but he does not specify which claims he brings against each

2

defendant. *See id.* at 2, 4-5, 7. He claims that defendants deprived him of his constitutional rights, caused him mental anguish and loss of wages, and defamed his character. *Id.* at 4-5, 7. Raymond seeks several forms of injunctive relief. *Id.* at 10. He asks this court to order the state courts to appoint effective counsel and to order his appointed attorney to stop assisting the State's Attorney Office in obtaining guilty pleas. *Id.* He also asks this court to broaden the scope of representation for his and similarly situated individuals' appointed counsel to allow counsel to assist with civil complaints. *Id.* He asks this court to "fine, sanction, and sentence to the fullest extent" defendants under 18 U.S.C. §§ 241-246, which are criminal statutes pertaining to the deprivation of rights under color of law. *Id.* He also asks this court to terminate the state employment of the individuals involved and to disbar them from practicing law for three years. *Id.* He asks this court to order the state courts to expunge any charges dismissed without prejudice in violation of his due process and speedy trial rights and to order the State's Attorney Office to discontinue the use of dismissals. *Id.*

Raymond seeks $100,000 for each right violated and for the same money damages to be available to similarly situated individuals. *Id.* In his motion to appoint counsel, he also asks for $1,500 for each day he spent incarcerated, $100,000 for the violation of his right to due process, and $100,000 for the violation of his speedy trial rights. Docket 3 at 1.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2)

4

seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Claims Against the Minnehaha County State's Attorney Office

Raymond brings claims against the Minnehaha County State's Attorney Office. Docket 5 at 2, 5, 7. "[N]either municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior." *Rogers v. King*, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (citations omitted). Thus, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (citations omitted); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct." *Brewington v. Keener*,

902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Raymond alleges that the State's Attorney Office has a custom of dismissing charges in weak cases without prejudice, resulting in subsequent bond denials. Docket 5 at 7. Because Raymond does not allege that this is an official policy or custom of the State's Attorney Office, this is an unofficial custom to be analyzed under *Brewington*. *See id.* Although Raymond claims that this is a custom of the State's Attorney Office, he fails to allege facts showing a pattern of conduct. *See id.* Instead, he merely claims that the State's Attorney Office engages in this practice without providing any details or examples. *See id.* Thus, Raymond fails to state a claim against the State's Attorney Office for violation of his right to due process.

Raymond also alleges that the State's Attorney Office and Eggert have conspired with each other to coerce defendants to plead guilty. *Id.* at 5, 7. But Raymond provides no facts or details regarding these allegations other than

6

conclusory language accusing Eggert and the State's Attorney Office of conspiring. *See id.* Raymond fails to identify a policy or custom that has caused a constitutional injury. *See id.* Although he points to two civil complaints brought by other plaintiffs alleging similar claims, he does not specify the criminal charges he faces, the actions his appointed attorney has taken to compel him to plead guilty or to conspire with the State's Attorney's Office, or the missing motions and filings he believes his appointed attorney should have filed on his behalf, other than to state that a motion for acquittal would be more appropriate than a dismissal without prejudice. *See id.* at 4-5, 7, 10. Raymond fails to allege facts that, if true, would raise his right to relief above the speculative level as required by *Twombly*. Thus, Raymond's claims against the State's Attorney Office are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

    **2.**    **Claims Against Amanda J. Eggert**

Raymond brings claims against Amanda J. Eggert, the attorney appointed to represent him in state criminal proceedings. *Id.* at 2, 4-5, 7; Docket 5-1 at 1-2. Construing his complaint liberally, Raymond alleges that Eggert has violated his right to effective assistance of counsel under the Sixth Amendment, his right to access to the courts under the First Amendment, and his right to due process under the Fourteenth Amendment. *See* Docket 5 at 4, 7. He also alleges that Eggert conspired with the State's Attorney's Office to deprive him of his rights. *Id.* at 5, 7.

7

Here, Raymond fails to allege sufficient facts to state a claim upon which relief may be granted. Although he claims that Eggert's representation was so deficient as to deprive him of his rights to effective assistance of counsel and access to the courts, he does not identify what motions or filings she failed to submit on his behalf or how her alleged failure to submit motions or filings has impacted his criminal case. *See id.* at 4-5. He alleges that Eggert repeatedly delayed court dates to coerce him into pleading guilty, but he provides no information as to those court dates or delays. *See id.* at 7. He alleges no facts regarding a conspiracy between Eggert and the State's Attorney Office other than to claim that Eggert has worked with the State's Attorney Office. *See id.* at 5, 7. Raymond fails to allege sufficient facts to meet the standard required by *Twombly*. Thus, Raymond's claims against Eggert are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 3. Claims Against Strange, Farrell, Johnson & Brewers, P.C.

Raymond brings claims against the Strange, Farrell, Johnson & Brewers, P.C., law firm. *Id.* at 2, 4. Raymond's only allegation against Strange, Farrell, Johnson & Brewers is that the firm deprived him of his rights "by and through" Eggert. *Id.* at 4. Because all claims against Eggert have been dismissed, Raymond fails to state a claim against Strange, Farrell, Johnson & Brewers. Thus, Raymond's claims against Strange, Farrell, Johnson & Brewers are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D. Strike Under 28 U.S.C. 1915(g)

The court finds that Raymond's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Raymond's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That Raymond's amended complaint (Docket 5) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That this action constitutes a strike against Raymond for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

3. That judgment is entered in favor of Minnehaha County State Attorney Office, Strange, Farrell, Johnson & Brewers, P.C., and Amber J. Eggert and against Raymond.

4. That Raymond's motion for counsel (Docket 3) is denied as moot.

Dated December 28, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE